U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004
Charles Coleman Jr., Trial Attorney
212-336-3699
Fax: 212-336-3623
charles.coleman@eeoc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
----------------------------------------------------------x
| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION NO.** |
| v. | ) ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **HD DIMENSION CORP.**, | ) ) | |
| Defendant. | ) ) | |

----------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964, as amended, to compel specific performance of a Conciliation Agreement entered into by Equal Employment Opportunity Commission and HD Dimension Corp., in resolution of a charge of age and race discrimination. EEOC brings this action to enforce the Conciliation Agreement and to provide appropriate relief to Sandra Johnson.

As discussed in greater detail below, Defendant HD Dimension Corp. entered into a Conciliation Agreement with EEOC in resolution of Charge No. 846-2008-08227 filed by Johnson. EEOC alleges HD Dimension Corp. breached the Conciliation Agreement when it failed to pay Johnson the full amount of $32,500 and failed to comply with the injunctive provisions required by the Agreement.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., (the "ADEA"), which incorporates by reference Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 216(c) and 217 (the FLSA) and Sections 706(f)(1) and 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (f)(3) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged to be unlawful and the breach of the Agreement described below were committed within the jurisdiction of the United States District Court for New Jersey.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3) and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant HD Dimensions Corp. has continuously been a Delaware corporation doing business in the State of New Jersey and in the City of Newark, and has continuously had at least 20 employees.

5. At all relevant times, Defendant HD Dimension Corp. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g),

and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h), and Sections 2(a)(4), 11(b), 11(f), 11(g), and 11(h) of the ADEA, 29 U.S.C. §§ 621(a)(4), 630(b), (f), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than 30 days prior to the institution of this lawsuit, Charging Party Sandra Johnson filed a charge with the Commission alleging violations of the ADEA and Title VII by Defendant HD Dimension Corp. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  EEOC, Defendant HD Dimension Corp., and Johnson entered into a Conciliation Agreement on October 21, 2009 in resolution of that charge. A copy of the Conciliation Agreement is attached to this Complaint as Exhibit 1.

8.  The terms of the Conciliation Agreement required Defendant HD Dimension Corp. to pay Sandra Johnson the sum of $32,500.00, payable in designated monthly installments.

9.  The terms of the Conciliation Agreement also required Defendant HD Dimension Corp. to provide a minimum of four hours training in Federal laws prohibiting employment discrimination for all of its employees and any third-party recruiters it uses, to post the EEOC's poster in places visually accessible to applicants and employees, and to certify specifically that they will not deny equal employment opportunity in regard to recruiting or any other term, condition, or privilege of employment on the basis of any protected characteristic when recruiting for HD Dimension.

10. The terms of the Conciliation Agreement provided that the Agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of the Agreement.

11. Payments were made to Johnson in the total amount of $17,500 but Johnson has not received the remaining $15,000. Defendant has not paid Johnson since February 18, 2010.

12. Defendant has not complied with the training, posting, or reporting provisions of the Agreement.

13. Defendant HD Dimension Corp.'s failure to pay the complete amount to Johnson and to provide the required injunctive relief constitutes a breach of the Conciliation Agreement.

14. Defendant HD Dimension Corp.'s actions have deprived Johnson of the specific relief to which she is entitled, in violation of the Conciliation Agreement reached pursuant to EEOC's conciliation process and the conciliation conference held between the parties.

15. The unlawful employment practices complained of above were willful and intentional.

16. The unlawful practices complained of above were done with malice or with reckless indifference to Johnson's federally protected rights.

17. The Commission seeks enforcement of the Agreement pursuant to its enforcement authority under Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and under Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a judgment against Defendant compelling specific performance by Defendant with the Conciliation Agreement entered into by Defendant on October 21, 2009;

B. Grant a judgment ordering Defendant to make Johnson whole by providing compensation for past and future pecuniary losses resulting from the breach of the Conciliation Agreement entered into by Defendant on October 21, 2009;

C. Grant a judgment ordering Defendant to pay punitive damages to Johnson for its malicious and/or reckless conduct.

D. Grant a judgment ordering Defendant to pay Johnson the remaining amount of $15,000, plus prejudgment interest and legal costs associated with the collection of the amount due and owing;

E. Grant a judgment ordering Defendant to comply with all injunctive relief portions of the Conciliation Agreement including providing a minimum of four hours training in Federal laws prohibiting employment discrimination for all of its employees and recruiters, posting the EEOC poster in places visually accessible to applicants and employees, and certifying that they will not deny equal employment opportunity in regard to recruiting or any other term, condition, or privilege of employment.

F. Grant a judgment ordering Defendant to provide to the EEOC proof of payment made to Sandra Johnson, and written reports confirming compliance with the training and posting provisions.

G. Grant a judgment ordering such further relief as the Court deems necessary and proper in the public interest;

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: New York, New York
March 30, 2011

                                      Respectfully submitted,

                                      P. David Lopez
                                      General Counsel

                                      Gwendolyn Reams
                                      Associate General Counsel
                                      131 M Street, NE
                                      Washington, DC 20507

_____
Judy Keenan
Acting Regional Attorney

_____
Nora E. Curtin
Supervisory Trial Attorney

_____
Charles F. Coleman Jr.
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(212) 336-3699

# **EXHIBIT 1**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Newark Area Office

1 Newark Center, 21st Floor
Newark, NJ 07102-5233
(973) 645-6383
TTY (973) 645-3004
FAX (973) 645-4524

## CONCILIATION AGREEMENT

In the Matter of:

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Sandra Johnson,

and



Charging Parties

and

HD Dimension Corp.

Respondent

Charge # 846-2008-08227

\*\*\*\*\*

A charge having been filed under Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act, with the U.S. Equal Employment Opportunity Commission (EEOC), by the Charging Party against the Respondent, the charge having been investigated and reasonable cause having been found, the parties do resolve and conciliate this matter as follows:

## I. GENERAL PROVISIONS

1.  <u>EEOC May Review Compliance With Agreement</u> - The Respondent agrees that the EEOC, on request of any Charging Party or on its own motion, may review compliance with this Agreement. As a part of such review the EEOC may require written reports concerning compliance, may inspect the premises, examine witnesses and examine and copy documents.

2.  <u>Agreement Does Not Constitute Admission of Violation</u> - It is understood that this Agreement does not constitute an admission by any Respondent of any violation of any statute administered by the EEOC.

3.  <u>Charging Party's Covenant Not to Sue</u> - The Charging Party hereby waives, releases and covenants not to sue Respondent with respect to the matters which were alleged in this charge on file with the EEOC, subject to performance by the Respondent of the promises and representations contained herein. The EEOC shall determine whether the Respondent has complied with the terms of this Agreement.

4.  <u>All Employment Practices are to be Conducted in a Non-Discriminatory Manner</u> - All hiring, promotion practices, and other terms and conditions of employment shall be maintained and conducted in a manner which does not discriminate on the basis of race, color, sex, religion, national origin or age in violation of any statute administered by the EEOC.

5.  <u>Retaliation Prohibited</u> - The Parties agree that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under any statute administered by the EEOC or because of the filing of a charge, giving of testimony or assistance or participation in any manner in any investigation, proceeding or hearing under any statute administered by the EEOC.

6.  <u>Reporting Provisions</u> - The Respondent agrees to retain the records and to provide the written reports under the subsequent section of this Agreement entitled "Reporting Provisions." Reports will be furnished to the Commission which has signified final approval of this Agreement.

7.  <u>Enforcement of Agreement</u> - The parties agree that this Agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this Agreement.

8.  <u>Impact Upon EEOC's Processing</u> - EEOC agrees not to use the subject charge as the jurisdictional basis for a civil action under Title VII, but does not waive or in any manner limit its right to process or seek relief in any other charge or investigation including, but not limited to, a charge filed by a member of the Commission against the Respondent.

## II  RELIEF

1. Respondent will comply with Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967;

2. Respondent agrees to pay Charging Party Sandra Johnson $32,500 in compensatory damages. Respondent will issue 7 checks for a total of $32,500 made payable to Sandra Johnson. The following payment schedule will be used:
    a. October 15, 2009: $5,000
    b. November 15, 2009: $5,000
    c. December 15, 2009: $5,000
    d. January 15, 2010: $5,000
    e. February 15, 2010: $5,000
    f. March 15, 2010: $5,000
    g. April 15, 2010: $2,500

    All checks will initially be sent to Littler Mendelson located at One Newark Center, Newark, NJ 07102. Payment will then be mailed directly to Sandra Johnson, 129 Hidden Creek Drive, Canton, GA 30114. At the appropriate time, Respondent will issue Charging Party an IRS Form 1099 (miscellaneous). Charging Party shall be responsible for the appropriate tax liability associated with this settlement agreement. Littler Mendelson will confirm in writing to the Commission each payment made to Charging Party.

3. Respondent agrees to pay Charging Party ▆▆▆▆ $5,000 in compensatory damages. Respondent will issue a check for a total of $5,000 made payable to ▆▆▆▆ and mail it to ▆▆▆▆ within 30 days of the execution of this agreement. At the appropriate time, Respondent will issue Charging Party an IRS Form 1099 (miscellaneous). Charging Party shall be responsible for the appropriate tax liability associated with this settlement agreement

4. Respondent will provide no fewer than four (4) hours of training in Federal laws prohibiting employment discrimination for all Respondent's employees. The first training will be conducted within three (3) months from the date this Agreement is signed by the Commission and will be conducted by an outside agency approved by the Commission. Respondent will provide this training for the duration of this Agreement and will maintain documentation, including a copy of the training materials presented and signed attendance lists to show it conducted the required training;

5. Respondent will require employees of third-party companies who recruit training class members and job applicants on HD's behalf, including Owner's Pride and Datafox, to participate in a training session to enable those employees to comprehend and comply with United States EEO laws, including Title VII of the Civil Rights Act of 1964. Third-party companies recruiting on HD's behalf will certify specifically that they will not deny equal employment opportunity in regard to recruiting or any other term, condition, or privilege of employment on the basis of any protected characteristic, including race and national origin when recruiting for HD Dimension.

6. Respondent will submit written documentation to the EEOC, including a copy of the training materials presented and signed attendance lists, to show it has complied with paragraph four (4) in this agreement for the duration of the monitoring period outlined in paragraph eight (8) of this Agreement. Respondent will submit documentation to the EEOC within ten (10) days of compliance;

7. Respondent will post the Commission's poster in places visually accessible to applicants and employees of the Respondent;

8. Respondent agrees that the EEOC may monitor compliance with the Conciliation Agreement for a period of not less than two (2) years from the date that the Agreement is approved by the Commission, by inspection of the Respondent's premises and records and by interviews with employees at reasonable times. Respondent agrees to make available for inspection and copying any records reasonably related to any of these areas, upon notice by the Commission;

## III REPORTING PROVISIONS

The Respondent further agrees to report within one hundred and eighty (180) days from the date of execution thereof, in writing to the Director, U.S. Equal Employment Opportunity Commission, Newark Area Office, of the undertakings outlined in this Agreement. The report will describe the manner in which these undertakings were carried out, and will contain copies of all documents pertaining to said undertakings.

## SIGNATURES

I have read the foregoing Conciliation Agreement and I accept and agree to the provisions contained therein:

_____10/6/09_____                           _____[signature]_____
Date                                              Respondent

<u>08-25-2009</u>　　　　　　　　　　　<u>Xandia Johnson</u>
Date　　　　　　　　　　　　　　　　Charging Party

08/25/09
Date


Charging Party

Approved on behalf of the Commission:

*[signature]* October 21, 2009
Date

*[signature]*
Corrado Gigante
Area Director